Josephine FENN, Plaintiff

v.

Donna SHALALA, Secretary Department of Health and Human Services, Defendant

No. 93 C 4792.

United States District Court, N.D. Illinois, Eastern Division.

April 4, 1995.

Rebecca L. Saunders, Legal Assistance Foundation of Chicago, Barbara Elaine Richardson, Legal Assistance Foundation, Chicago, IL, for Josephine Fenn.

Jonathan C. Haile, U.S. Attys. Office, Chicago, IL, for Donna Shalala.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

This case comes before the court on an appeal from an Administrative Law Judge's (ALJ) decision to deny Plaintiff's application for Supplemental Security Income (SSI). Plaintiff alleges in her application that her obesity, complicated by asthma, hypertension, and pain in her knees and hips, have rendered her disabled since December 15, 1986. In 1990 an ALJ determined that Plaintiff was not disabled. The Appeals Council reviewed and remanded the case for further orthopedic and mental examinations. The ALJ held a supplemental hearing in 1992 and again concluded that Plaintiff was not disabled. The Appeals Council subsequently denied Plaintiff's request for a review of the ALJ's decision. The Plaintiff appeared before this court and moved for summary judgment to reverse the Secretary's final administrative decision, or in the alternative, to remand the matter for further evidentiary findings pursuant to 42 U.S.C. § 405(g).

A magistrate judge reviewed the record and recommended that this court deny Plaintiff's motion. The Plaintiff filed timely objections to the magistrate judge's report and recommendation. The magistrate judge must be complimented for the insightful analysis which she provided regarding the issues that the Plaintiff has raised. This court must disagree with the report and recommendation however, concerning the magistrate judge's finding that the ALJ was not required to consider a medical report on whether Plaintiff's combined impairments equaled the Listing for obesity. For this reason, this court must remand this matter to the ALJ for further proceedings.

## BACKGROUND

Since the magistrate judges's report and recommendation set out in great detail the pertinent and undisputed facts, we will not repeat them here. Since the material facts

set forth in Plaintiff's motion for summary judgment were uncontroverted by the Defendant, they are deemed admitted. General Rules of the United States District Court–Northern District, Rule 12N. Consequently, this court will decide the merits of the summary judgment motion.

### DISCUSSION

Pursuant to the Social Security Act ("Act"), a claimant is entitled to benefits if he or she is "under a disability." 42 U.S.C. § 423(a)(1)(D). The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A person will be found to be disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.... " 42 U.S.C. § 423(d)(2)(A).

Social Security regulations outline a five step inquiry to be followed in determining whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 416.920(a)–(e). First, the Secretary must ascertain whether the claimant is currently employed. If he is, then he is not disabled. Second, if the claimant is unemployed the Secretary must determine whether the claimant has a severe impairment. If there is no severe impairment, the Secretary will find the claimant not disabled. Third, if there is severe impairment, the Secretary must decide whether the impairment meets or equals an impairment listed by the Secretary. If the claimant's impairment equals the Listing, disability will be found. Fourth, if the claimant's impairment does not meet one listed by the secretary, the Secretary must then determine whether the claimant can perform his past work. If yes, then there is no disability. Fifth, if the claimant cannot perform his past work, the burden then shifts to the Secretary to show that the claimant is capable of performing any work in the national economy. *See Pope v. Shalala,* 998 F.2d 473, 477 (7th Cir.1993).

Section 405(g) of the Social Security Act grants this court the authority to review a final decision of the Secretary, including the power to affirm, modify, or reverse such decision with or without remand to the Secretary for a rehearing. 42 U.S.C. § 405(g). Our scope of review, however, is narrow, for "[T]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." *Id.* Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Herron v. Shalala,* 19 F.3d 329, 333 (7th Cir.1994) (quoting *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)). Specifically, substantial evidence is something "more than a mere scintilla," *Cass v. Shalala,* 8 F.3d 552, 554 (7th Cir.1993), but may be "something less than the greater weight or preponderance of the evidence." *Young v. Secretary of Health and Human Services,* 957 F.2d 386, 389 (7th Cir.1992). Additionally, this court will also review decisions of the Secretary for errors of law. "When the Secretary commits an error of law, reversal is, of course, warranted irrespective of the volume of evidence supporting the factual findings." *Schmoll v. Harris,* 636 F.2d 1146, 1150 (7th Cir.1980).

### REPORT and RECOMMENDATION and OBJECTIONS

A U.S. Magistrate Judge reviewed the evidence in this case to determine whether the Secretary's final decision was supported by substantial evidence and based on the proper legal criteria. The extremely thorough report and recommendation of the magistrate judge concluded that the Secretary's decision was "based on substantial evidence and proper interpretation of the relevant rules." The magistrate judge recommended that this court deny Plaintiff's motion and enter judgment in favor of the Secretary. (Report and Recommendation at 30). Specifically, the magistrate judge found that the Secretary's conclusion that the Plaintiff did not meet or equal Listing 10.10 under the Social Security

Act (20 C.F.R. pt. 404, subpt. P, app. 1, § 10.10(A) 1993) was supported by substantial evidence. Thus, her "obesity" was not an impairment which met or equaled one listed by the Secretary, so she failed part three of the five-step inquiry described above.

The Plaintiff contests several of the magistrate judge's conclusions. Plaintiff argues that she met Listing 10.10 concerning obesity. Plaintiff claims that she not only satisfied the statutorily imposed weight requirement for obesity, but she also exhibited a history of pain and limitation of motion in her knees. The Plaintiff specifically challenges the magistrate judge's findings on obesity on the following grounds: (1) that the magistrate used the wrong legal standard to analyze whether Plaintiff had a history of pain and (2) that there is not substantial evidence in the record to support the Secretary's finding that the Plaintiff had no limitation of motion.

Plaintiff also asserts errors in the magistrate judge's report and recommendation concerning Plaintiff's claims of respiratory ailments. Plaintiff alleges that she suffers from a respiratory ailment serious enough to constitute a disability under Listing 10.10(E). Plaintiff asserts that the magistrate judge and the Secretary erred in their determination of whether Plaintiff met the listing for respiratory disease by considering Plaintiff's pulmonary function test scores after the administration of a bronchodilator.

Plaintiff further claims that the ALJ should have considered a medical opinion as to whether her combined impairments equaled the Listing for obesity. Plaintiff maintains that irrespective of whether the above impairments individually constitute a disability, the combined effect is equivalent to the Listing for obesity, thus qualifying her as disabled.

The Plaintiff did not object to the remainder of the magistrate judge's findings. Any objection to those findings is deemed waived. The court accepts the magistrate judge's findings regarding these remaining issues. This opinion examines each of the disputed issues below.

## I. Obesity Listing § 10.10(A)

In order to command a finding of disability due to obesity, Listing 10.10(A) requires that a claimant meet a four-part demonstration of proof. The claimant must meet a certain weight requirement, substantiate a history of pain, demonstrate a limitation of motion in any weight bearing joint or the spine, and supply X-ray evidence of arthritis in the affected joint or spine. 20 C.F.R. pt. 404 subpt. P, app. 1 § 10.10(A) (1993). The magistrate judge acknowledged that the Plaintiff met the weight requirement. However, the magistrate judge agreed with the Secretary that the record lacks substantial evidence to support the Plaintiff's alleged history of pain and limitation of motion. This court agrees with the magistrate judge.

### A. History of Pain

■ In her Report and Recommendation, the magistrate judge noted key testimony by the Plaintiff of the pain in her knees, shoulder and index finger. The record also revealed that the ALJ examined X-ray and medical evidence which showed only mild degenerative changes in Plaintiff's knees and no abnormalities in her shoulders, hips, spine, or any of her other joints. (Report and Recommendation at 14–15). Additionally, the ALJ considered evidence in the record showing that Plaintiff experienced no pain when climbing on or off the examining table, getting into or out of chairs, or squatting. The record also indicates that Plaintiff is able to walk up to 8 blocks without any kind of assistance. (Report and Recommendation at 15). On the basis of this evidence, the magistrate judge found that "the Secretary could reasonably conclude that there is insufficient medical evidence to support Plaintiff's claim that she regularly experiences extreme stabbing pains in her knees or joints." (Report and Recommendation at 15).

■ The Plaintiff objects to the magistrate judge's finding that Plaintiff did not meet the "history of pain" requirement under Listing 10.10(A). The Plaintiff properly argues that the magistrate judge failed to apply the proper standard for evaluating the Plaintiff's claims of pain. The magistrate judge held that Plaintiff's "pain could only be

credited if the objective medical evidence showed both the existence of pain as well as the degree of pain." (Plaintiff's Objections at 3).

Both the magistrate judge and the Plaintiff cited to *Pope v. Shalala,* 998 F.2d 473 (7th Cir.1993), as delineating the proper criteria that a reviewing court must consider when determining whether a claimant suffers from a disabling pain under the Act. *Pope* requires a court to consider the medical evidence presented, evidence of the claimant's daily activities, the Plaintiff's own claims of pain and the ALJ's own observations to determine whether there is substantial evidence supporting an ALJ's decision. *Pope,* 998 F.2d at 485. Although a reviewing court "cannot discredit a complaint of pain simply because objective medical evidence was not introduced to support the extent of the pain, neither [is it] required to give full credit to every statement of pain, and require a finding of disabled every time a claimant states that she feels unable to work." *Pope,* 998 F.2d at 486.

Despite misstating the legal standard, the magistrate judge nonetheless properly evaluated the Plaintiff's claim of pain against the *Pope* criteria required by this Circuit. In reaching her finding, the magistrate judge considered the X–Ray and medical examinations, Plaintiff's own claims, the evidence of Plaintiff's daily activities, as well as the ALJ's credibility findings. (Report and Recommendation at 14–15). The magistrate judge agreed with the ALJ that the record does not support with substantial evidence Plaintiff's claims of disabling pain. We also agree. The magistrate judge was correct not to disturb the ALJ's credibility finding on this issue because the ALJ's decision was not patently wrong in view of the cold record. *See Id.*

Furthermore, we find no merit to Plaintiff's additional objection regarding proof of the degree of pain Plaintiff must exhibit in order to qualify as disabled. Plaintiff argues that the magistrate judge incorrectly required Plaintiff to prove her pain to the degree alleged. (Plaintiff's Objections at 4). The magistrate judge did not search for evidence of severe pain as the Plaintiff alleged.

In fact, the magistrate judge stated that "[t]he regulations do not require her to establish that her pain is severe." (Report and Recommendation at 13).

This court agrees that substantial evidence supports the ALJ's decision that the Plaintiff did not suffer from a history of pain.

## B. Limitation of Motion

■ The report and recommendation reviewed the ALJ's finding that the Plaintiff suffered no limitation of motion. The magistrate judge analyzed the reports of two doctors who examined the Plaintiff and determined whether Plaintiff's obesity limited the range of motion in her knees. Dr. Jordan Trafimow found that Plaintiff had limitation of motion in her knees due to her obesity. (R. at 355.) Dr. Robert Moscoso, however, reported that Plaintiff's range of motion was "normal" in her knees. (R. at 165). The magistrate judge correctly noted that when there exists a difference of medical opinions, "it is the Secretary, not the courts, who must resolve conflicts in the medical evidence." *Strunk v. Heckler,* 732 F.2d 1357 (7th Cir. 1984). The magistrate judge reasoned that the ALJ was charged with resolving the factual dispute and that he did so reasonably by concluding that the Plaintiff had no limitation of motion in her knees.

The Plaintiff objects to the magistrate judge's conclusion that substantial evidence supported the ALJ's finding of no limitation of motion. Plaintiff points out that Dr. Moscoso's examination was conducted almost four years prior to Dr. Trafimow's. According to the Plaintiff, her limitation of motion developed during the time period between the two examinations. However, Dr. Trafimow also found that Plaintiff's range of motion was well within functional limits, and that Plaintiff was completely normal in sitting, lifting, standing and walking. He concluded by stating that there was "no objective evidence that there is anything at all wrong with the claimant's knees. (R. at 355). Furthermore, Plaintiff stated in her memorandum in support of her motion for summary judgment that the ALJ should not have relied on Dr. Trafimow's report to conclude that Plaintiff did not have limitation of mo-

tion in her knees because he reviewed X-ray results "from the past." (Plaintiff's Memorandum in Support of her Motion for Summary Judgment at p. 8). Accordingly, the magistrate judge was correct in finding that the ALJ reasonably relied on the forgoing evidence in determining that Plaintiff had no limitation of motion.

## II. Respiratory Disease; Listing 10.10(E)

■ The Social Security regulations authorize ALJs to find disability for obese claimants who also suffer from respiratory disease. To claim a disability for respiratory ailments, an obese claimant must show "respiratory disease with total forced vital capacity equal to or less than 2.0L." C.F.R. pt. 404, subpt. P, app. 1, § 10.10(E) ("Listing 10.10(E)").

The Plaintiff claims that her obesity meets Listing 10.10(E) because she suffers from respiratory disease with total forced vital capacity equal to or less than 2.0 liters, as measured before the administration of a bronchodilator. The ALJ found that Plaintiff's forced vital capacity exceeded 2.0 liters, therefore Plaintiff's obesity did not meet the requirements of Listing 10.10(E). The magistrate judge determined that there was substantial evidence to find that the plaintiff's respiratory ailments did not meet the Listing 10.10(E) because plaintiff's forced vital capacity (FVC) scores exceed 2.0 liters. After a full review of the record and relevant cases, this court agrees with the magistrate judge.

At issue here is the appropriate measure of Plaintiff's FVC. Listing 10.10(E) does not mention how a claimant's FVC should be measured. The Listing does not state that a bronchodilator should be utilized, nor does the Listing forbid its use.

In the case at bar, two doctors conducted respiratory examinations of the Plaintiff. Dr. Moscoso found that Plaintiff's FVC was 2.0 liters before the administration of a bronchodilator and 2.3 liters after. Dr. Trafimow's findings included a FVC of 1.64 liters pre-bronchodilator and 2.13 post-bronchodilator. After considering the Plaintiff's post bronchodilator FVC scores, the ALJ concluded that the Plaintiff failed to meet the Listing.

The magistrate judge affirmed the ALJ's finding on this issue. The magistrate judge determined that it was proper for the ALJ to rely on Plaintiff's post-bronchodilator FVC scores in determining whether Plaintiff met Listing 10.10(E). (Report and Recommendation at 18–21). The magistrate judge reasoned that Listing 10.10E does not prohibit the use of a bronchodilator and consideration of post-bronchodilator scores is helpful to the Secretary's evaluation of FVC scores.

The Plaintiff objected to the conclusion in the report and recommendation concerning the approval of the ALJ's consideration of Plaintiff's test scores after the administration of a bronchodilator. Plaintiff argues that Listing 10.10(E) does not require the use of a bronchodilator in assessing the FVC of an obese claimant. It is the Plaintiff's position that if the Secretary desired the use of a bronchodilator, the Secretary would have so specified in the regulations. To support her argument, Plaintiff points to the general listing for respiratory disorders, § 3.00(D), where the Secretary explicitly specifies that a bronchodilator is required to determine a chronic respiratory impairment for a non-obese claimant. 20 C.F.R. pt. 404, subpt. P, app. 1, § 3.00(D) (1993). Plaintiff asserts that "such an omission in Listing 10.10(E) signaled [the Secretary's] intent not to add the requirement in the obesity listing." (Plaintiff's Objections at 7).

Plaintiff also points out that § 10.10(E) requires a claimant's FVC score fall below 2.0 liters, while Listing 3.00(D) imposes a stricter standard of 1.3 liters. She argues that this distinction exhibits an intention on the part of the Secretary to impose a lesser standard on obese claimant's. Plaintiff claims that by not including a bronchodilator requirement in Listing 10.10(E), the Secretary furthered her intention of lowering the standard for obese claimants.

This court finds the Plaintiff's arguments on this issue unpersuasive. We recognize that the Act imposes a lesser standard for obese claimants, than for non-obese claimants regarding the FVC requirement. Nevertheless, we agree with the magistrate judge that "there is no need to assume, then,

that omission of a bronchodilator requirement under 10.10(E) was intended to make even further allowances for obese claimants." (Report and Recommendation at 19). The ALJ in this case did not rewrite the standards detailed in Listing 10.10(E), but merely attempted to evaluate Plaintiff's FVC scores. In order to do so, the ALJ was within his discretionary bounds to refer to Listing 3.00(D) as guidance in evaluating FVC scores.

In light of the above discussion, we agree with the magistrate judge that the ALJ's reliance on post-bronchodilator FVC scores was reasonable and his finding that Plaintiff did not meet Listing 10.10(E) was based on substantial evidence.

### III. Combination of Impairments

■ The Social Security regulations, authorize the Secretary to consider the combined effects of impairments when assessing disability. A claimant with a combination of impairments, none of which individually meets or equals a listed impairment, may be declared disabled if the total effect of the individual impairments is medically equivalent to a listed impairment. 20 C.F.R. § 416.926(a). Plaintiff claims that the combined effect of her obesity, asthma, arthritis, hypertension and other impairments is equivalent to the Listing for obesity. In the case at bar the ALJ concluded that "the impairments singly or in combination do not meet or equal the Listings." (R. at 23).

Plaintiff's main contention concerning the ALJ's equivalency finding is that the ALJ has no authority to assess equivalency without a medical opinion. Nowhere in the record is there evidence of a physician furnishing an opinion on whether Plaintiff's combined impairments equal the Listing for obesity.

The magistrate judge held that the ALJ did not have to obtain a medical opinion for an equivalency determination. (Report and Recommendation at 22). The magistrate judge based her decision upon her interpretation of 20 C.F.R. § 416.926(b). That portion of the act is entitled "Medical equivalence must be based on medical findings." It states in part, "[w]e will also consider the

medical opinion given by one or more medical or psychological consultants designated by the Secretary in deciding medical equivalence." The magistrate interpreted this regulation to mean that the Secretary need not obtain a medical opinion specifically on the issue of equivalency; rather the Secretary need only base her finding on the general medical evidence in the record. (Report and Recommendation at 22). This court disagrees with the report and recommendation on this issue for the reasons discussed below.

The Seventh Circuit has outlined the procedure required of ALJ's for making equivalency determinations based on the impact of combined ailments. In *Fox v. Heckler*, 776 F.2d 738 (7th Cir.1985), a case not addressed by the magistrate judge, the claimant argued that the ALJ had affirmatively failed to consider the combined effects of his impairments. The court cited to SSR 83–19 which stated in part:

> As trier of the facts, the administrative law judge is not bound by the medical judgment of a designated physician regarding medical equivalency. However, the judgment of a designated physician on the same evidence before the administrative law judge must be received into the record as expert evidence and given appropriate weight. *Fox*, 776 F.2d at 740.

The *Fox* court ruled in favor of the Secretary on this issue. The record in *Fox* revealed a "Form SSA–831–U5" signed by a reviewing physician which stated that the severity of the individual's impairments did not meet or equal that of any listed impairment. *Id.* The existence of this form, signed by a physician, proved that the ALJ in *Fox* complied with SSR 83–19. This Circuit also held in *Pope* that the presence of a signed "SSA–831–U5" form in the record was considered proof that a physician designated by the Secretary had considered the equivalency question. 998 F.2d at 480. *See also Steward v. Bowen*, 858 F.2d 1295 (7th Cir.1988). (Record contained two opinions by consulting physician's that claimant's impairments did not meet or equal a listed impairment).

Although the Secretary rescinded SSR 83–19 in 1990, (Memorandum from Associate

Commissioner Eillen Bradley rescinding SSR 83–19, April 27, 1990), its dictate requiring a medical opinion for equivalency determinations survives in a new regulation, SSR 86–8. Social Security Ruling (SSR) 86–8 states in part:

> Any decision as to whether an individual's impairment or impairments are medically the equivalent of a listed impairment must be based on medical evidence demonstrated by medically accepted clinical and laboratory diagnostic techniques, including consideration of a medical judgment about medical equivalence furnished by one or more physicians designated by the secretary.

We find that two cases which the magistrate judge relied on, *Stuckey v. Sullivan*, 881 F.2d 506 (7th Cir.1989) and *Nelson v. Bowen*, 855 F.2d 503 (7th Cir.1988), do not require this court to rule otherwise. *Nelson* involved an appeal of the Secretary's decision that the Plaintiff had the capacity to perform a limited range of light work therefore he was not disabled. The case was remanded on the grounds that the Appeals Council had erroneously ruled that additional medical evidence submitted by the Plaintiff was immaterial. The court in *Nelson* never reached the issue of whether a physician must provide an opinion concerning equivalency before an ALJ may decide if the claimant is disabled. *Nelson*, 855 F.2d at 508.

*Stuckey* also does not address the question whether a medical opinion is required for an equivalency determination. *Stuckey* involved a Plaintiff who claimed that the combination of a variety of impairments rendered him disabled. The court held that the medical evidence reviewed by the ALJ did not support Plaintiff's claims. The Seventh Circuit in *Stuckey* did not address, nor did the parties raise the question of whether the medical reports contained physicians' opinions on medical equivalency. *Stuckey*, 881 F.2d at 508.

We believe that *Fox, Pope* and *Steward* provide the relevant precedent on this issue. Our review of the entire record in this case and the relevant case law convince us that the ALJ erred by not eliciting a specific medical opinion on the question of whether Plaintiff's combined impairments equal the Listing for obesity.

This court's ruling is also in line with the Seventh Circuits' general admonition to courts and ALJ's not to overstep their bounds and make medical determinations rather than legal conclusions. This Circuit held that "[t]he medical expertise of the Social Security Administration is reflected in the regulations; it is not the birthright of the lawyers who apply them. Common sense can mislead; lay intuitions about medical phenomena are often wrong." *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir.1990), cert. denied, 502 U.S. 901, 112 S.Ct. 278, 116 L.Ed.2d 230 (1991). *See also Bauzo v. Bowen*, 803 F.2d 917, 926 (7th Cir.1986). We believe that the ALJ improperly succumbed to the temptation to "play doctor" when he failed to obtain a physician's opinion on whether the effects of Plaintiff's combined ailments equaled a listed impairment under the Act.

On remand, we direct the ALJ to elicit and consider a medical judgment concerning the medical equivalence of claimant's combined impairments. In so doing, the physician should consider all the medical evidence that has been made part of the record. Furthermore, we urge the ALJ to articulate, at least minimally, his justification for accepting or rejecting Plaintiff's claim that the combination of her impairments equals the Listing for obesity. We accept and adopt the remainder of the magistrate judge's report and recommendation.

### CONCLUSION

We remand this matter to the Secretary in accordance with this opinion. The Social Security Act, as amended in 1990, provides for remand of cases in several instances, none of which clearly apply in this case. The language of 42 U.S.C. § 405(g) states that a court may remand a case either upon motion of the Secretary for good cause shown or upon a demonstration of new, material evidence and a good reason for the claimant's failure to include that evidence in the record. The Seventh Circuit has held that remand is also appropriate "when the findings of the Secretary are not supported by substantial

evidence but do not provide sufficient evidence to support a reversal and a finding that the claimant is disabled." *Garfield v. Schweiker,* 732 F.2d 605, 610 n. 8 (7th Cir. 1984); *see also Bauzo,* 803 F.2d at 926. The circumstances described by the Seventh Circuit apply here in *Fenn,* so this court remands this case to the Secretary pursuant to this opinion.