**Penelope GOTCHES, et al.,**
**Plaintiffs-Appellees,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, et al., Defendants-Appellants.**

**No. 84–1748.**

United States Court of Appeals, Seventh Circuit.

Jan. 30, 1986.

Gail C. Ginsberg, Asst. U.S. Atty., Anton Valukas, U.S. Atty., Chicago, Ill., for defendants-appellants.

Gregory McHugh, Prairie State Legal Services, Rock Island, Ill., for plaintiffs-appellees.

Before POSNER and COFFEY, Circuit Judges, and DUMBAULD, Senior District Judge.[*]

DUMBAULD, Senior District Judge.

On August 30, 1985, this Court decided that plaintiffs' counsel should be awarded fees earned up through May 24, 1982 (the

---

[*] The Honorable Edward Dumbauld, Senior District Judge of the Western District of Pennsylvania, sitting by designation.

date when the Railroad Retirement Board agreed to grant increased benefits to plaintiff) and remanded the case to the District Court to determine the amount.

Our decision was based upon 28 U.S.C. § 2412(d)(1)(A)[1] providing for "fees and other expenses," in addition to costs in civil actions against the United States (other than tort cases) "unless the court finds that the position of the United States was substantially justified." We excluded from the fee award time spent by counsel in pursuing relief for other victims of the governmental snafu, as distinguished from his original client Mrs. Gotches. Even though some relief was obtained for other parties, he never won a complete victory (although a consent decree was entered on November 14, 1982, affording some relief to other parties), and we held that the government might properly resist large-scale class action litigation affecting administration of major programs and that in so doing its position could be regarded as "substantially justified."

Subsequently the Court's attention was drawn to amendments enacted into law on August 5, 1985.[2] Although this action by Congress occurred several weeks before our opinion was filed in this case on August 30, 1985, ·773 F.2d 108, apparently counsel and the panel were *in pari delicto* in failing to give attention to these legislative changes while the case was *in gremio curiae*.

Having now given careful consideration to the new provisions, we conclude that, perhaps serendipitously, our original determination is fully in conformity with the new legislation and requires no modification. We therefore deny rehearing and permit our original judgment to stand and remain in full force and effect.

Since Section 7 of the Act of August 5, 1985, provides that the amendments are applicable to cases "pending" on that date, the first question for consideration is whether a case is "pending" when the merits have been disposed of by a consent decree, and nothing but the fee application is pending before the Court.

As pointed out in Judge Thornberry's opinion for the Eleventh Circuit in *Russell, et al. v. National Mediation Board*, 775 F.2d 1284 (1985) (a case brought to our attention under our Rule 11) the statutory language[3] is clear.

The phrase "cases pending" makes no distinction between the fee application stage of a case and consideration of the merits. On its face, therefore, the stat-

---

**1.** This provision was added by § 204(a) of the Act of October 21, 1980, 94 Stat. 2328, and reads as follows: "Except as otherwise specifically provided by statute, a court shall award to a prevailing party ... fees and other expenses, in addition to any costs ... in any civil action (other than cases sounding in tort) brought against the United States ... *unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.*" [Italics supplied] The term "fees" is defined by 28 U.S.C. § 2412(d)(2)(A) as including "reasonable attorney fees" based upon "prevailing market rates" ordinarily not "in excess of $75 per hour." In the case at bar the government has not objected to the reasonableness of plaintiff's counsel's hourly rate, but merely to the payment of fees for services with respect to which it contends that its position was substantially justified.

**2.** By § 2(b) of Public Law 99–80, Act of August 5, 1985, 99 Stat. 184–185 clarifying amendments were adopted to assist in determining when the position of the United States is justified.

At the end of § 2412(d)(1)(B) was added: "Whether or not the position of the United States was justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." Likewise § 2412(d)(2)(D) was added, stating that "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based; except that fees and expenses may not be awarded to a party for any portion of the litigation in which the party has unreasonably protracted the proceedings."

By § 7 of the Act of August 5, 1985, the amendments contained in it apply to cases pending on that date. The same result is dictated by *The Peggy*, 1 Cranch (5 U.S.) 103, 109–110, 2 L.Ed. 49 (1801).

**3.** See note 2, *supra.*

ute applies to fee applications pending on the date of enactment.

Judge Thornberry's opinion also refers to the legislative history and quotes from the House Report on H.R. 2378, which became Pub.L. No. 99–80, that "The changes which are made by H.R. 2378 which merely clarify existing law are retroactive, and apply to matters which were pending on, or commenced on or after October 1, 1981." The *Russell* opinion further points out that "The House Report makes clear that the definition of 'position of the United States' contained in Pub.L. No. 99–80 is intended to clarify existing law." In fact the terms of the statute itself show that the statutory definition simply clarifies the original Congressional intent regarding proper interpretation of the 1980 provisions.

Now "pending" may of course just mean that the statute applies to cases that were pending on the date of passage, rather than to fee applications made before that date; otherwise a district court ruling that was in perfect conformity with the law as it existed on the date of the ruling might have to be overturned on appeal, which seems rather an unlikely purpose to attribute to Congress. However, out of an abundance of caution, we shall proceed to consider whether our original ruling is in conformity with the new definition.[4] We conclude that it is.

The new definition declares that not only the government's *litigating position* but also its position with respect to the original government *action which gave rise to the litigation* must be considered in determining whether the government's position was "substantially justified."

In fact that is what we did consider in our original opinion. We condemned the pre-litigation posture of the government, the "Alphonse-Gaston" procedures adopted by the Railroad Retirement Board and the Social Security Administration (where a widow entitled to two pensions found her income shut off until the question which agency should pay her what she had coming to her was resolved) in such an "unduly

harsh" tone of criticism that it constrained Judge Posner to write separately and state his "own reasons for reaching the same result."

But even under the 1985 amendments we would still be free to cut off the counsel fees at the May 24, 1982 date, when the original client's hardship was relieved as a consequence of her litigation. We would still be free to evaluate separately the government's position with respect to far-reaching measures of assembly-line production of computerized pensions for all other dual pensioners. It must be remembered that (1) the class action never proceeded as far as determination of a class; and (2) the consent decree, though affording some relief to other parties than Mrs. Gotches herself, was not a total victory for plaintiff's counsel. As Judge Posner put it in his separate opinion: "What the government did was not opposition; it was analysis and consideration followed by acquiescence in the core though not the details of the plaintiffs' demands."

Accordingly, even assuming that the 1985 amendments apply to the case at bar we conclude that our original ruling as to the fee application satisfies the criteria established by those amendments, and needs no modification. We therefore deny rehearing.

---

**4.** If the 1985 amendments are not applicable to this case, then of course our original ruling is valid as our construction of the old law, and needs no modification.