Odell ROBERTS, Plaintiff,

v.

Margaret HECKLER, Secretary of
Health and Human Services,
Defendant.

No. 84 C 8547.

United States District Court,
N.D. Illinois, E.D.

April 8, 1986.

Frederick J. Daley, Chicago, Ill., for plaintiff.

Michael O'Connell, Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

On October 21, 1985, this Court adopted the Report and Recommendation of Magistrate James T. Balog that plaintiff Roberts' motion for summary judgment be granted and that she be awarded "Widow's Benefits" under 42 U.S.C. § 423(d)(2)(B). She has moved for attorney's fees, expenses and costs under the relevant section of the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412 (as amended in August 1985). For the reasons stated below, her motion is granted in part.

28 U.S.C. § 2412(d)(1)(A) commands the Court to award attorney's fees to "a prevailing party" in a suit against the United States, "unless the court finds that the position of the United States was substantially justified." This determination must be made on the basis of the administrative and court record. Section 2412(d)(1)(B) (as amended in 1985). "Position of the United States" means "in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." [1] Section 2412(d)(2)(D) (added in

---

1. Roberts argues that she is entitled to fees if either the action of the agency *or* the litigation position taken in court was not substantially justified. The Circuits have split on this issue,

1985). The United States' position was "substantially justified" if it had a "reasonable basis in law and fact." *See, e.g., Ferrell v. Pierce,* 743 F.2d 454, 466 (7th Cir. 1984). The government's position must have had a "solid though not necessarily correct basis in fact and law." *Gotches v. Heckler,* 773 F.2d 108, 111 (7th Cir.1985), *opinion amended and reh'g denied,* 782 F.2d 765 (7th Cir.1986). The government bears the burden of proving that its position was substantially justified. *See, e.g., Ferrell,* 743 F.2d at 466. The parties agree about these standards but disagree about whether the government has met its burden. We hold it has not.

This case was a routine judicial review of a denial of disability benefits. The Secretary had found Roberts eligible for Supplemental Security Income ("SSI") benefits but not for "widow's" benefits. To be entitled to the latter benefits, a claimant must show that the medical evidence proves that she has an impairment or combination of impairments which meets or equals the listing of impairments in the regulations. On review, Magistrate Balog found that the Secretary had not adequately considered Roberts' combination of impairments to see whether she equalled the relevant listed impairment. *See* Report & Recommendation of Magistrate at 4–5. This Court adopted the Magistrate's findings and reversed the Secretary. Consideration of the combination of impairments is required by controlling law. *See Johnson v. Heckler,* 769 F.2d 1202, 1213–15 (7th Cir.1985). It is especially important in a case like this where some of Roberts' impairments brought her within a hair of meeting a listed impairment. *See* Report at 4 (claimant failed to exactly meet listing only because her heart cleared spine by five millimeters). The ALJ merely made a summary finding that Roberts failed to equal the listings; no rationale was offered, and the

opinion does not suggest that he factored all of her impairments into his analysis. The Seventh Circuit has held that such cursory findings cannot support a denial of benefits. *See, e.g., Zalewski v. Heckler,* 760 F.2d 160, 166 (7th Cir.1985); *Zblewski v. Schweiker,* 732 F.2d 75, 78–79 (7th Cir. 1984). Even *Stephens v. Heckler,* 766 F.2d 284, 287 (7th Cir.1985), where a divided panel perhaps relaxed this requirement, demands more than this oversight of relevant evidence and a summary conclusion. Later decisions bear out the principle that the ALJ must give a minimal articulation of reasons for rejecting evidence favorable to a claimant, and must consider all relevant evidence. *See Look v. Heckler,* 775 F.2d 192, 195 (7th Cir.1985); *Orlando v. Heckler,* 776 F.2d 209, 213 (7th Cir.1985). In sum, we think that both the agency's action below and the litigation position taken in Court were not "sound in fact or law" nor "reasonable" and thus were not "substantially justified."

The Secretary incorrectly relies on *Fox v. Heckler,* 776 F.2d 738, 740–42 (7th Cir. 1985), in arguing that her position was "substantially justified." *Fox* held, among other things, that a physician's signature on a form finding that a claimant does not equal the listings could be enough evidence to support an ALJ's finding of no disability. There was a similar physician's signature and evaluation in this case. Besides this superficial similarity, this case does not resemble *Fox.* First, the AI in that case extensively considered and rejected the other evidence regarding the combination of impairments, *see* 766 F.2d at 741–42; the ALJ in this case made no such analysis. Second, the physician's evaluation in this case was dated January 21, 1983, and based on medical evidence from 1979 and 1982. However, in April 1983, before the ALJ hearing, new medical evidence showed that Roberts was even closer to the listed im-

---

and the Seventh Circuit has thus far avoided the controversy. *See United States v. Kemper Money Market Fund,* 781 F.2d 1268, 1275–76 (7th Cir.1986); *Temp Tech Industries v. NLRB,* 756 F.2d 586, 589–90 (7th Cir.1985). We also need not decide the issue since we think the govern-

ment's position is not substantially justified under any of the definitions. In this case, like most, the action of the agency and the government's legal position merge, so the split in interpretation is academic. *See Kemper,* 781 F.2d at 1276.

pairment. Thus, if the ALJ simply relied on the physician's evaluation of January 1983, he did so incorrectly since that evaluation was out-of-date. Indeed, if he did so rely, he failed to adhere to Social Security Ruling 83–19, which requires an ALJ to get an updated medical opinion in the circumstances of this case.[2] In *Fox*, the ALJ adhered to Rule 83–19, and relied on an evaluation which was not out-of-date. *Fox* therefore does not warrant a conclusion that the ALJ's decision or the Secretary's litigation position had a "solid basis in law or fact."

As for the amount of attorneys' fees and expenses, the Secretary makes no objection to the amount requested by Roberts. We have reviewed the original and supplemental requests and find them to be reasonable. Accordingly, the total fee award shall be $4,378.45.

 The parties disagree about whether Roberts is entitled to costs. Roberts' petition for fees and costs was filed more than thirty days after judgment was entered. Although the EAJA requires that such petitions be filed "within thirty days of final judgment in the action," 28 U.S.C. § 2412(d)(1)(B), the Seventh Circuit has read the term "final judgment" to mean the date a final appellate decision is handed down or the last day a notice of appeal can be filed. *See McDonald v. Schweiker*, 726 F.2d 311 (7th Cir.1983). Clearly, then, the

petition for "fees and expenses" is timely. However, the thirty-day limit of § 2412(d)(1)(B) applies only to petitions for "fees and expenses." A "judgment for costs" is provided for under § 2412(a), and that section contains no express time limit. Our Local Rule 45(a) sets a thirty-day limit for filing a bill of costs following "entry of a judgment allowing costs."[3] We agree with the Secretary that this Rule controls and mandates a holding that Roberts waived her right to costs.

First, we note that the plain language of Rule 45(a) embraces this situation. It embraces any "judgment allowing costs," and § 2412(a) in plain terms allows for "a judgment for costs." Contrary to Roberts' arguments, we do not think the EAJA somehow pre-empts Local Rule 45. Roberts admits that her request for costs must fall under § 2412(a), but that section imposes no time limit. Thus, there is no explicit conflict with Local Rule 45(a). And we do not read the thirty-day limit of § 2412(d)(1)(B), as construed in *McDonald*, to apply to the § 2412(a) "judgment for costs." Section 2412(d)(1)(B) explicitly reaches only "an award of fees and other expenses," which are defined in § 2412(d)(2)(A) to be things other than costs.[4] The language and mechanics of the sections also support a reading that the two provisions operate separately. Section 2412(a) speaks about a *"judgment for*

2. SSR 83–19 says in relevant part:
 Furthermore, to assure that proper consideration is given to a medical equivalency opinion from a physician designated by the Secretary, the ALJ must obtain an updated medical judgment from a medical advisor (interrogatories may be used) in the following circumstances:
 1. When no additional medical evidence is received, but, in the opinion of the ALJ, the symptoms, signs, and laboratory findings reported in the record suggest that a judgment of equivalency may be reasonable.
 2. When additional medical evidence is received which, in the opinion of the ALJ, may change the determination of the SSA–831–U5/SSA–833–U5 that the impairment(s) does not equal the listing.
3. Local Rule 45(a) reads:
 (a) Time for Filing Bill of Costs. Within thirty days of the entry of a judgment allow-

ing costs, the prevailing party shall file a bill of costs with the Clerk and serve a copy of the bill on each adverse party. If the bill of costs is not filed within the thirty days, costs other than those of the Clerk, taxable pursuant to 28 U.S.C. § 1920, shall be deemed waived. The Court may, on motion filed within the time provided for the filing of the bill of costs, extend the time for filing the bill.

4. Section 2412(d)(2)(A) defines fees and expenses to include "the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees." In contrast, costs are defined in §§ 2412(a) and 1920 to include such things as filing fees, copying costs and court reporter fees.

costs," while § 2412(d)(1)(B) describes "an *award* of fees and other expenses." One becomes part of the judgment itself, *cf.* 28 U.S.C. § 1920 (bill of costs becomes "included in the judgment or decree"), while the other follows the *final* judgment, and is meant, as we learned from *McDonald,* to account for *all* attorneys' fees incurred in the lawsuit. Section 2412(a) involves a simple mechanical addition of a few items of costs, which is generally performed by the Clerk. In contrast, the mechanics of § 2412(d)(1)(A) are more complex, requiring decision about the "substantial justification" issue as well as the reasonableness of fees and expenses, and must be performed by the Court. Finally, we note that the § 2412(d)(1)(A) award is to be made "in addition to any costs awarded pursuant to subsection (a)," which also implies that the two provisions are independent. In short, the language, structure and operation of §§ 2412(a) and 2412(d)(1)(B) show that they operate independently. We conclude that Local Rule 45(a) sets the time for seeking costs under § 2412(a), just as it governs any other bill of costs in this district. *McDonald* controls the petition for fees and expenses brought under § 2412(d).[5]

Upon reviewing Roberts' itemization of "costs," however, we find that some of the costs listed there are actually "expenses" as defined under § 2412(d)(2)(B), and may thus be considered part of the § 2412(d)(1)(A) award. In particular, the fee for consulting an expert physician, $125.00, plainly falls within § 2412(d)(2)(A), and may be properly awarded. The other costs listed are "costs" under § 2412(a) and Local Rule 45(a), and as to such the petition is not timely filed.

In conclusion, we find that the position of the government was not "substantially justified." Thus, Roberts is entitled to an award of attorneys' fees and other expenses of $4,503.45, which includes $4,378.45 as attorneys' fees and $125.00 as "other expenses." Other costs incurred are waived. It is so ordered.

---

**5.** While Roberts is correct that this holding might sometimes require filing separate documents for costs and fees, this works no significant judicial diseconomy. As noted earlier, the cost calculation is simple, mechanical and usually performed by the clerk. The fee calculation is more complex and must be done by the judge. Thus, the procedure is already divided in effect. In any event, because the cost procedure is so simple, a separate filing involves a very tiny loss of judicial economy.