**Donna M. GRUBER, Plaintiff,**

v.

**Otis BOWEN, M.D., Secretary, U.S. Dept. of Health and Human Services, Defendant.**

No. 83–C–944–C.

United States District Court, W.D. Wisconsin.

Nov. 17, 1987.

Craig Fobes, West St. Paul, Minn., for plaintiff.

Debra Schneider, Asst. U.S. Atty., Madison, Wis., for defendant.

## ORDER

CRABB, Chief Judge.

This civil action for review of a decision of the Secretary of Health & Human Services is before the court on two motions: one by plaintiff for an award of fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), and one by plaintiff's attorney for an award of fees under 42 U.S.C. § 406. Defendant opposes the award of any fees at all under the Equal Access to Justice Act and opposes the amount of the award sought by plaintiff's attorney under § 406.

The § 406 fee request is for $9,486.77. This is an amount equal to 25% of the past-due disability insurance benefits awarded to plaintiff. It is also the amount agreed to by plaintiff under the contingency fee agreement she had with her attorney. In an order entered herein on July 28, 1987, I approved payment of the requested amount, considering it a routine request to be granted as a matter of course. Shortly thereafter, defendant challenged the grant of the request and asked to be heard on it, and I vacated the order to allow briefing.

Defendant's challenge goes to the practice of the routine granting of awards equal to 25% of past-due benefits pursuant to statutory fee requests. Defendant takes the position that the courts should scrutinize such requests to ensure that counsel are not allowed to collect excessive fees from needy Social Security claimants. He points out that these litigants are particularly vulnerable to overreaching by lawyers because of their poverty and lack of resources.

As commendable as this concern on the part of the defendant might seem, it has a hollow ring. The instant case is only one in which the files reveal repeated instances in which defendant or his predecessor has blocked the efforts of Social Security claimants to obtain the disability insurance benefits to which they are entitled. Had the instant matter been left up to defendant, plaintiff would have no past-due benefits from which the attorney's fees could be claimed. It is a little late in the litigation for defendant to take on the role of champion of the rights of the plaintiff.

Defendant argues that plaintiff's counsel should be entitled to no more than $4,100.00, or $100 an hour for the 41 hours that defendant thinks were reasonably spent by counsel. I disagree. Defendant has not taken into account the other factors that are appropriate to consider in determining fee awards. *See Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir.1974). *See also Blankenship v. Schweiker*, 676 F.2d 116 (4th Cir.1982) (discussing factors to consider in awards of

attorneys' fees in black lung cases). Those factors include the novelty and difficulty of the case, preclusion of other employment, skill required, customary fee, whether the fee is contingency or fixed, time limitations imposed upon the lawyer, the result obtained, the experience and reputation of the lawyer, the undesirability of the case, the nature and length of the professional relationship with the client, and the awards in similar cases.

The instant case was a difficult one. As plaintiff's counsel points out, he met with roadblocks from defendant at all junctures in the case, even in attempting to obtain complete transcripts of the proceedings. Additionally, plaintiff's disability is an unusual one, a factor that adds to the complexity of the case.

Plaintiff has not submitted any proof of lost opportunities, so I do not give any weight to that consideration. I do, however, give considerable weight to the next factor: the skill required. It is clear that many less experienced lawyers would not have persisted in attempting to win benefits for this plaintiff, or have been successful in obtaining them. Plaintiff's counsel is an able, vigorous, and experienced advocate for Social Security claimants. He maintains that the requested fee of 25% is a customary one for him in Social Security cases, and I have no reason to disbelieve him, given my experience in approving previous statutory fee requests from him.

The time limitations placed upon counsel are of minor importance in the fee determination in this case. However, the next factor is of significance: the result obtained. Plaintiff's counsel was extremely successful in achieving the restoration of benefits for plaintiff and also for plaintiff's daughter. This factor alone tends to justify the fee request. Adding to it are plaintiff's reputation and ability, which are high, and the undesirability of the case, which is attested to by another lawyer who considered taking the case and declined it. Plaintiff and her counsel have a long professional relationship, but only because of the length of this particular litigation. It does not appear that they have any other

professional relationship, so I do not give any weight to this factor. Finally, I conclude that the fee is reasonable when compared to other awards in similar cases.

In another case decided recently in the Western District of Wisconsin, *McGuire v. Bowen*, —— F.Supp. ——, 85–C–268–S, decided November 16, 1987, Judge Shabaz pointed out that if it were not for the availability of contingency fee arrangements in Social Security cases, it might be that Social Security claimants would be unable to pursue their legitimate claims to a successful conclusion. His point is an important one. Social Security appeals are not high visibility cases; they do not usually establish new law; and they tend to be highly repetitive and not necessarily intellectually challenging. They do not pay well; in fact, they often do not pay at all, and even when they do, the payment is often delayed for months and even years. It is well-known that any Social Security claimants do not find it easy to secure counsel, even with the possibility of a contingency fee arrangement. The comments of Judge Haynsworth, made twenty years ago in *McKittrick v. Gardner*, 378 F.2d 872, 875 (4th Cir.1967), are still timely:

> While the judge must approve the reasonableness of the fee in every case and may not unquestioningly endorse contingent fee contracts providing for a fee of not more than twenty-five percent of the accrued benefits, there is no prohibition against his consideration of the contingency of compensation. Availability of lawyers to [Social Security] claimants is of the highest importance, and if a lawyer is to receive no compensation unless there is an award, his compensation is contingent whether or not he has a contract that says so. Most of the disability claimants have no other resources for the payment of fees.

I conclude that plaintiff's attorney is entitled to 25% of the past-due disability insurance benefits awarded to plaintiff and her daughter, in accordance with the contingency fee agreement entered into by plaintiff and her attorney. Therefore, the

order entered herein on July 28, 1987 will be reinstated.

I turn next to plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice Act. Defendant's opposition to an award to plaintiff under this statute rests on two grounds: 1) the government was substantially justified in opposing plaintiff's appeal of the denial of her claim for disability insurance benefits, thus making an award improper under the Act; and 2) plaintiff was not a "prevailing party" within the meaning of the Act because she did not obtain her benefits as the result of litigation on the merits, but because of a statutory amendment that mandated reconsideration of her case under a more liberal standard and also because of new evidence that had not been available previously.

In an opinion entered October 9, 1987, in two cases that had been consolidated for the purpose of deciding motions for attorneys' fees under the Equal Access to Justice Act, *Whiting v. Bowen* and *Polus v. Bowen,* 671 F.Supp. 1219, I held that the test to be applied in determining whether the government was "substantially justified" in opposing a claimant's appeal is one of reasonableness, and that this means that if "the record contains substantial evidence to support the agency decision, the government has a reasonable basis in fact and law for defending the decision." *Id.* at 1227. I held also that the fact that a Social Security appeal is decided after remand to the Secretary does not mean that the claimant has not prevailed on the merits within the meaning of the Equal Access to Justice Act, and that it does not follow necessarily from the fact that an appeal had been remanded pursuant to the Social Security Disability Benefits Reform Act of 1984 that the appeal could not have been successful but for the intervening event of the Act's passage.

In the instant case, I find that the government's opposition was not substantially justified. The government opposed all of plaintiff's early efforts to have her case remanded under the authority of the opinion of the Court of Appeals for the

Eighth Circuit in *Mental Health Association v. Schweiker,* 554 F.Supp. 157 (D.Minn.1982), *aff'd* 720 F.2d 965 (8th Cir. 1983). As the magistrate found in his order of March 25, 1985, that opposition was wholly unjustified. Additionally, the record of plaintiff's 1981 application reveals the lack of any substantial evidence to support the defendant's denial of benefits, even under the more rigorous standards employed by the Social Security Administration at the time.

Without reviewing here all of the evidence before the administrative law judge when he made his determination of no disability in April 1983, I note that the administrative law judge gave no weight to the opinions of the doctors who had examined plaintiff and had determined that her complaints of physical pain were the consequence of a psychiatric condition. The administrative law judge concluded that because plaintiff's pain could not be supported by clinical observations, it was not real. He failed to acknowledge that the doctors had not said that plaintiff's pain was not real, simply because it was the product of mental or emotional disturbances; to the contrary, the doctors had found that plaintiff's pain was not only real, but also disabling. For example, defendant's own consulting physician had reported that plaintiff had "a desire to return to work if she could withstand the pain that would be occurring from any physical activity ... She certainly appears to have chronic problems which are not getting better and do not respond to the usual medical approaches." (Transcript, p. 178.)

An administrative law judge is required to weigh all the evidence that is before him. In this case, the administrative law judge did not take into account all of the evidence or explain why he did not. This omission renders his decision unsupportable. I conclude that it was not reasonable for defendant to rely upon it in opposing plaintiff's appeal in this court.

As to whether plaintiff was a prevailing party, I conclude that she was, for the same reasons I found plaintiffs Polus and Whiting to be prevailing parties in the

cases they brought. Plaintiff prevailed in this action. The fact that her victory came about as a result of a remand rather than as a result of a judicial determination does not change the fact that she did prevail. Furthermore, her appeal would have been successful even if the Reform Act had not intervened. As I have noted, defendant did not have substantial evidence on which to deny plaintiff's claim when it was before the Social Security Administration the first time.

I conclude that plaintiff is entitled to reasonable fees under the Equal Access to Justice Act as the prevailing party in a case in which the government's position was not substantially justified. I conclude that reasonable fees in this case would be $75 an hour (the maximum allowable under the Act) for the 42.37 hours claimed by plaintiff's attorney for a total fee award of $3,177.75.

### ORDER

IT IS ORDERED that plaintiff is awarded attorney's fees in the amount of $3,177.75, pursuant to 28 U.S.C. § 2412(d), and plaintiff's attorney is awarded attorneys' fees in the amount of $9,486.77, pursuant to 42 U.S.C. § 406.