**Robert J. SCHUPBACH, Plaintiff,**

**v.**

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

Civ. No. L 83–46.

United States District Court,
N.D. Indiana,
Hammond Division
at Lafayette.

Nov. 18, 1987.

Amendment to Order Dec. 9, 1987.

Ralph L. Robinson, Lafayette, Ind., for plaintiff.

Christina McKee, Asst. U.S. Atty., Fort Wayne, Ind., for defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This matter is before the court on the plaintiff's "Application for Attorneys' Fees and Other Expenses Under the Equal Access to Justice Act, or in the Alternative the Social Security Act." The application requested an award respectively under 28 U.S.C. § 2412 or 42 U.S.C. § 406(b)(1), for attorney efforts in pursuing a favorable outcome on the plaintiff's Social Security Disability claim, which was appealed to this court most recently on April 27, 1983. In pursuing fees under the Equal Access to Justice Act (EAJA), the plaintiff contended that the position of the government was not substantially justified and was taken in bad faith.

Essentially the Secretary did not object to a maximum of $5,790.00 in fees under § 406 of the Social Security Act, but argued against an award under the EAJA on the grounds that the position taken had a solid basis in law and fact. The defendant Secretary further contended that the government did not engage in bad faith in its consideration of the plaintiff's claim.

### I.

The underlying factual and procedural posture of this case is as follows:

The plaintiff, Robert J. Schupbach received disability benefits for back problems until March of 1979 at which time the Secretary determined that he was no longer disabled. At the administrative level, Mr. Schupbach appealed this decision, appearing *pro se* at a hearing on December 21, 1979. On April 1, 1980, it was determined by an Administrative Law Judge (ALJ) that termination of benefits was appropriate. That decision also found, however, that the plaintiff suffered from a condition of the inner ear which met the Listing of Impairments, but which had not lasted for the required duration of 12 months. It was also stated in that decision that there was no evidence that the plaintiff's condition would not respond to treatment. The decision denying benefits became the final decision of the Secretary on September 8, 1980. No appeal to the courts followed this decision.

On February 2, 1982, with protective filing dated January 27, 1982, the plaintiff again filed an application for disability benefits, alleging an onset date of October 18, 1979, and the inability to work due to Meniere's disease, a condition characterized in part by vertigo and hearing loss. The plaintiff's application was denied initially and on reconsideration. Subsequent to the plaintiff's administrative appeal and denials, a hearing was held on November 4, 1982. In a decision dated November 30,

1982, a different ALJ concluded that Mr. Schupbach was not disabled because his impairment was not severe enough to restrict the ability to perform basic work related functions.

The plaintiff then filed a complaint in this court on or about April 26, 1983. On November 3, 1983, the court remanded the plaintiff's case indicating doubt as to whether the Secretary was justified in denying benefits and directing more specificity on remand. The administration's response to the court's order was a twenty-four page decision again denying benefits on October 31, 1984, after the taking of additional evidence and additional hearings. This lengthy decision became the final decision of the Secretary by its adoption by the Appeals Council on February 11, 1985.

The plaintiff then appealed to this court for "re-review." On October 2, 1986, in a highly comprehensive review of the record, United States Magistrate, Robin D. Pierce, recommended that the case be remanded again for fresh findings. The plaintiff objected to the report inasmuch as it did not direct an award of benefits. The defendant objected also, stating that its position denying benefits was substantially justified.

On October 20, 1986, in an order adopting the report of the magistrate, this court stated:

> ... It is the strong desire of this court that further proceedings here be expedited as much as possible and counsel for Robert J. Schupbach is invited to submit a proposal supported by specific authority to effect this result.
>
> Candor requires this court to suggest that it is sorely tempted to grant the relief requested by this plaintiff, but feels that the defendant Secretary should be given one *last* chance to back and fill as far as this record is concerned.

The court further directed that the case be given "maximum preference."

The defendant's response was to file a motion to amend judgment which this court denied on November 24, 1986. The Secretary did not appeal. After additional hearings, on April 15, 1987, yet another ALJ issued a decision. This time it was found that the plaintiff was entitled to benefits. On May 19, 1987, having received no final determination, the plaintiff filed a petition to cite the defendant for contempt. On May 28, 1987, the Appeals Council adopted the April 15th decision with a modification of the onset date, and the plaintiff was finally found disabled from his alleged onset date of October 18, 1979.

The plaintiff then filed the fee petition herein considered. The petition, filed on July 1, 1987, was supported by a memorandum on July 14, 1987. The defendant responded on July 28, 1987, and again on August 17, 1987, with additional supportive material. The matter is, therefore, ripe for ruling. Along with the fee petition, the plaintiff's attorney filed an affidavit detailing his experience and itemizing the time invested in this case as 77.2 hours, billable at the rate of the greater of 25% of past-due benefits or $75 per hour. The affidavit claimed $100 per hour as the appropriate market rate under the EAJA if bad faith should be found by this court, and asked a total award of $7,720.00 under that act. Included also in the petition was a claim for $36.58 in costs.

This court must state as a preliminary comment that historically and traditionally it has joined in the spirit of *Zblewski v. Schweiker*, 732 F.2d 75, 79 (7th Cir.1984), and other cases, in recognizing and being sensitive to the frustrations of ALJ's who may well be burdened by enormous case loads and who may be subject to the unique pressures of working within a bureaucratic system. In this particular case, however, the court's sensitivities are pulled in the direction of the plaintiff. On its face the resistance of the Secretary to a grant of benefits has manifested itself in a record of over a thousand pages. Although the defendant Secretary has at long last recognized the plaintiff as having been disabled all along since 1979, that recognition came about only after five administrative hearings, two remands, and an ultimately mistaken denial of benefits over an eight-year period.

Nevertheless this court is directed not by empathy, but by law. Having reviewed the

applicable law and the entire four-volume record, the court must necessarily deny an EAJA award, recognizing the decision as a close call.

## II.

Until recently, 28 U.S.C. § 2412 allowed judgment for costs but not for fees, when a party prevailed in a suit against the United States, unless otherwise permitted by statute. 28 U.S.C.A. § 2412; Pub.L. 89–507, § 1, 80 Stat. 308 (1966). In 1980 the section was amended by the addition of the Equal Access to Justice Act (EAJA), P.L. 96–481, effective October 1, 1981, out of a concern that private parties might suffer from unreasonable government action without challenge, because of the economic burdens of litigation. With the potential disparity of resources as a consideration, the EAJA provided that attorneys' fees and costs would be awarded to the prevailing party unless the government's position was shown to be substantially justified or unless special circumstances rendered an award unjust. See, Annotation, *Attorneys' Fees Against Government*, 69 A.L.R.Fed. 130 (1984).

The original act expired on October 1, 1984, but contained a sunset provision extending coverage to cases commenced but not finally resolved prior to October 1, 1984. *Smidt v. NLRB*, 810 F.2d 638, n. 1 (7th Cir.1987). On August 5, 1985, the EAJA was re-enacted and amended to, among other things, clarify the meanings of "final judgment," "substantially justified," and "prevailing party." The amended version also erased any doubt that the EAJA was meant to apply to Social Security cases. Equal Access to Justice Act Amendments, Pub.L. No. 99–80, 99 Stat. 183 (1985); See also, *Haney v. Heckler*, 613 F.Supp. 12, 14 (N.D.Ill.1984). The new act provided that except as otherwise indicated, it would apply to cases pending on or commenced on or after the date of the enactment, that being August 5, 1985. *Smidt*, 810 F.2d 638, n. 1 (7th Cir.1987). In this case, the merits of the underlying action remained pending on August 5, 1985. Although under the law of this circuit, the applicable differences have been viewed as minimal, the 1985 amendments apply to this case. *Id.*

Under the 1980 version of the EAJA, it was generally agreed that the test of substantial justification involved a standard of reasonableness. (See, Bartell, *Civil Practice and Litigation in Federal and State Courts*, ALI–ABA Resource Materials (4th ed., January 1987), updated as Federal Court Awards of Attorneys' Fees, 7th Cir. Federal Judicial Conference Workshop (September 29, 1987)). On the basis of the legislative history of the 1985 amendments, something more than reasonableness has been required by a number of the circuit and district courts. See, *Id.* at 88, collecting cases; eg., *Riddle v. Secretary of Health & Human Services*, 817 F.2d 1238, 1244 (6th Cir.1987); *Gamber v. Bowen*, 823 F.2d 242, 244 (8th Cir.1987); *Devine v. National Treasury Employees Union*, 805 F.2d 384, 386 (Fed.Cir.1986); *Haitian Refugee Center v. Meese*, 791 F.2d 1489, 1497, modified in part, 804 F.2d 1573 (11th Cir. 1986).

These jurisdictions have based the higher standard on a legislative observation that Congress rejected the wording of "reasonably justified" in favor of "substantially justified." See H.R.Rep. No. 99–120, Part I, 99th Cong., 1st Sess., reprinted in [1985] U.S. Code Cong. & Ad. News 132, 138. However, this circuit and several others have adhered to the reasonableness standard. *Phil Smidt & Son, Inc. v. NLRB*, 810 F.2d 638, 642 n. 5 (7th Cir.1987), citing *Russell v. National Mediation Bd.*, 775 F.2d 1284 (5th Cir.1985). See also *United States v. Yoffe*, 775 F.2d 447 (1st Cir.1985) and *Weakley v. Bowen*, 803 F.2d 575 (10th Cir.1986). This court must necessarily apply a standard of reasonableness, as opposed to a higher standard.

██ To obtain an award of fees under the EAJA, the plaintiff must be a prevailing party and the government's position must not be substantially justified. *Smith v. Bowen*, 663 F.Supp. 59 (S.D.Ind.1987). In this case, the plaintiff clearly prevailed. To be substantially justified the Secretary's decision must have had a reasonable basis

in law and fact. *McDonald v. Schweiker*, 726 F.2d 311, 316 (7th Cir.1983). Substantially justified does not mean non-frivolous. *Id.*, citing *Spencer v. NLRB*, 712 F.2d 539, 551 n. 44 (D.C.Cir.1983). The government's position will not be considered unreasonable solely because it lost. *Walden v. Bowen*, 660 F.Supp. 1250, 1253 (N.D.Ill. 1987), citing *Bohn v. Heckler*, 613 F.Supp. 232, 239 (N.D.Ill.1985).

■ To satisfy the burden of showing substantial justification, the government must demonstrate (1) a reasonable basis in truth for the facts alleged, (2) a reasonable basis in law for the theory propounded, and (3) a reasonable connection between the facts and the theory. *Phil Smidt & Son, Inc. v. NLRB*, 810 F.2d 638, 642 (7th Cir. 1987), citing *Donovan v. DialAmerica Marketing, Inc.*, 757 F.2d 1376, 1389 (3d Cir.1985).

■ The Secretary contends that this case turned on the credibility of the plaintiff, a matter which the law has established as the province of the ALJ unless the record clearly demonstrates a conclusion to the contrary. Having reviewed the plaintiff's lengthy and apparently agonizing accounts of his experiences with Meniere's disease, it is clear that one might well have viewed this plaintiff as worthy of belief long before he was finally determined disabled; but that is not the question. The question is if a finding otherwise had a reasonable basis in law and fact. The ALJ devoted sixteen pages to substantiating his doubts as to credibility. This court questions, as did the plaintiff, the spirit in which this was done. Nevertheless, applying the standard in effect in this circuit to the particular facts of this case, the court cannot conclude that the government had no reasonable basis for its position. An award of fees under the EAJA is, therefore, reluctantly denied. Assuming some measure of increased awareness of Meniere's disease, such prolonged delays in its recognition would seem unjustifiable in the future.

### III.

Pursuant to 42 U.S.C. § 406(b)(1),

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past due benefits to which the claimant is entitled by reason of such judgment....

■ The defendant in this case has submitted materials indicating that 25% of the plaintiff's award of past due benefits is $9,825.25. That amount represents the maximum aggregate amount which could be awarded to the plaintiff's attorney. *Tomallo v. Heckler*, 623 F.Supp. 1046 (W.D. Pa.1985). Typically the court will not award fees for services rendered at the administrative level. See e.g., *Guido v. Schweiker*, 775 F.2d 107 (3d Cir.1985). Accordingly, the plaintiff's attorney submitted only those hours related to the plaintiff's cause in the district court. Having reviewed the materials submitted by the plaintiff, the court finds 77.2 hours to have been reasonably expended for that purpose. The plaintiff's attorney indicated that his usual hourly rate for social security cases is $75. The court finds this rate reasonable, and therefore awards the plaintiff's attorney the sum of $5,790.00 for services in the district court, plus $36.58 in itemized costs, for a total of $5,826.58 under § 406(b)(1). Any additional compensation for work performed at the administrative level should be determined by the Secretary. The award of fees herein is made with the proviso that the aggregate of compensation shall not exceed 25% of the past due benefits. SO ORDERED.

### AMENDMENT TO ORDER

The order of this court dated November 18, 1987, in the above-captioned cause is hereby amended to indicate that costs in the amount of $36.58 are, pursuant to 28 U.S.C. § 2412, to be paid, not from money withheld by the Social Security Administration for payment of attorney fees, but rather by the General Account Office. The Secretary is, therefore, required to pay the

plaintiff's attorney the amount of $5,790.00 from the amount withheld for that purpose pursuant to § 406 of the Social Security Act.

SO ORDERED.