*   "Super Gas" stations transferred under assets purchase agreement

+   station opened as "Super Gas" subsequent to transaction

**John NESVOLD, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

**Civ. No. S 87-97.**

United States District Court,
N.D. Indiana,

South Bend Division.

June 9, 1988.

Aldean M. DeRose, South Bend, Ind., for plaintiff.

Clifford Johnson, Asst. U.S. Atty., South Bend, Ind., for defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

### I.

This court now considers the petition of the plaintiff's attorney, for fees authorized by the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). The underlying action was the plaintiff's judicial review of a claim for Social Security Disability Benefits, pursuant to 42 U.S.C. § 405(g). *See, Nesvold v. Bowen*, 683 F.Supp. 1246 (N.D. Ind.1988). The law is clear that the EAJA applies to § 405(g) cases. *See, Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir.1988), citing *Berman v. Schweiker*, 713 F.2d 1290, 1296 (7th Cir.1983). *See also, Schupbach v. Bowen*, 673 F.Supp. 941, 944 (N.D. Ind.1987), discussing the 1985 Amendments to the EAJA.

Under the relevant provisions of the EAJA, unless otherwise specifically provided by statute,

> ... a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that

special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

### II.

On May 11, 1988, the plaintiff's attorney filed the petition for fees which the court now considers. The defendant Secretary has filed no response, and in effect the petition stands uncontested. Nevertheless, since the underlying case is brought pursuant to § 405(g), judgment will not enter against the Secretary "without considering the transcript of the record." *Williams v. Califano*, 593 F.2d 282, 284 (7th Cir.1979). The government's failure to raise objection to the plaintiff's request for attorney fees will not compel an award of fees under the EAJA. Despite the fact that the burden of showing substantial justification for its position is on the government, a district court may find that the record itself demonstrates justification without a formal response. *Neveaux v. Bowen*, 652 F.Supp. 719, 720 (E.D.Wisc.1987), citing *Campbell v. Bowen*, 800 F.2d 1247, 1249 (4th Cir. 1986) and *Jackson v. Bowen*, 807 F.2d 127, 129 (8th Cir.1986). To determine if the position of the Secretary was substantially justified, this court has carefully reviewed the administrative and court record. *See, Roberts v. Heckler*, 636 F.Supp. 136 (N.D. Ill.1986).

The facts and procedural posture of this case were reviewed thoroughly in this court's earlier order and will not be repeated here in detail. By way of an overview, the order of April 14, 1988, found that despite a record which fully supported the ALJ's finding of disability, the Appeals Council reversed by way of its "own motion review." Acknowledging that the Council had wide latitude in such reviews, this court held that neither the record nor the law would support the reasoning and conclusions of the Council. No less than three specialists had determined that the plaintiff's condition met or equalled one of the listed impairments. The matter was properly resolved by the ALJ at step three of the disability analysis in favor of the plaintiff. To reach the conclusion of the

Appeals Council, it was necessary to misapply the sequential analysis, ignore relevant evidence, and re-interpret the opinion of its own medical advisor. The Council's decision was found to be unsupported by substantial evidence, as well as contrary to the evidence and erroneous as a matter of law.

### III.

■ To be entitled to an EAJA fee award, the plaintiff must be a "prevailing party", must have opposed a governmental position that was not "substantially justified", and must face no special circumstances that would make an award of fees unjust. *Hendricks v. Bowen,* 847 F.2d 1255 (7th Cir.1988). Considerable controversy has tended to revolve around what it means to be a "prevailing party", and what constitutes a "substantially justified" position.

#### A. Prevailing Party

Two specific subissues are discernible within the "prevailing party" issue. The first focuses on the sequence of events which led up to a successful outcome. Where a remand has resulted in something other than a litigation of substantive issues on the merits, some courts refuse to classify the plaintiff as a prevaling party. *See, e.g. Sherman v. Bowen,* 647 F.Supp. 700 (D.C.Me.1986). A sizeable body of these cases relate to the question of whether a remand resulting from a change in the law will satisfy the requirement of being a prevailing party. *Id.* Historically, there has been a difference of opinion in this regard among the district courts of this circuit. *See, e.g., Mathus v. Heckler,* 661 F.Supp. 241 (N.D.Ill.1987), holding that a remand resulting from changed law and not from substantive litigation will not qualify a plaintiff as a prevailing party. *But see, Gruber v. Bowen,* 673 F.Supp. 970, 973 (W.D.Wisc.1987) and *Whiting v. Bowen,* 671 F.Supp. 1219 (W.D.Wisc.1987).

This issue was recently addressed, and for the most part resolved, in *Hendricks v. Bowen,* 847 F.2d 1255 (7th Cir.1988), where the Court of Appeals for the Seventh Circuit opted in favor of the reasoning in *Mathus,* or more particularly that of *Truax v. Bowen,* 842 F.2d 995 (8th Cir.1988). *Truax* held that where benefits were reinstated as a result of a mandate flowing from the Benefits Reform Act, the claimant could not meet the test of being a catalyst for, or the causal link to a successful outcome. *Hendricks,* at 1258. This court notes that Judge Easterbrook's concurring opinion in *Hendricks,* reasoned that an award of EAJA fees would be appropriate and necessary where a claimant's efforts would have resulted in success had the Reform Act never been enacted, as for example, if the government's position was unjustified even under pre-reform law.

These distinctions are purely of academic or historical interest here, since this plaintiff's successful outcome flowed not from a statutory mandate or change of law, but from the fact that there existed no basis in reason, law, or substantial evidence for the Appeals Council's reversal of the ALJ's disability finding.

■ The second subissue related to the prevailing party controversy is whether the judgment of the court is final or interlocutory in nature. Finality of the judgment relates both to fee filing deadlines and the prevailing party issue. *See, Alexander v. Heckler,* 612 F.Supp. 272, 274 (D.C.R.I. 1985). A mere remand for further consideration will not qualify a social security claimant as a "prevailing party" in terms of eligibility for an EAJA fee award. *Singleton v. Bowen,* 841 F.2d 710, 711 (7th Cir.1988) (collecting cases). *See also Gamber v. Bowen,* 823 F.2d 242 (8th Cir.1987).

■ Like the first subissue, the matter of finality is not really at issue here. This court's order granted the plaintiff's motion for summary judgment and reversed the decision of the Appeals Council, reinstating the decision of the ALJ which was fully supported by the record. The case was remanded solely for an award of benefits. The time for disputing that order has now elapsed. The plaintiff, therefore, qualifies as a prevailing party on both of the relevant subissues. Again, no objection has been filed, nor have these issues been expressly raised by the defendant.

## B. Substantially Justified

In determining whether the position of the government was substantially justified, the court will consider both the legal position of the government and the actions which gave rise to the civil action. *Gotches v. Heckler,* as amended, 782 F.2d 765, 767 (7th Cir.1986). The government bears the burden of proving that it was substantially justified in its position. *Smith v. Bowen,* 663 F.Supp. 59, 60 (S.D.Ind.1987); *Roberts v. Heckler,* 636 F.Supp. 136, 137 (N.D.Ill. 1986). *See also Gamber v. Bowen,* 823 F.2d 242 (8th Cir.1987). To satisfy its burden the government must demonstrate a reasonable basis in truth for the facts alleged, a reasonable basis in law for the theory propounded, and a reasonable connection between the facts alleged and the legal theory advanced. *Phil Smidt & Son, Inc. v. NLRB,* 810 F.2d 638 (7th Cir.1987).

A number of courts have interpreted the 1985 Amendments to the EAJA to call for a "clearly reasonable" measure of a substantially justified position. *See, Schupbach v. Bowen,* 673 F.Supp. 941 (N.D.Ind.1987) and the cases there collected. This reasoning flows from congressional rejection of an earlier version of the act, which would have required a "reasonably justified" position in lieu of the seemingly higher standard of "substantially justified." This circuit has, however, expressly chosen to adhere to a basic expectation of reasonableness. *Id.; Phil Smidt* at 642 n. 5. By any standard of reasonableness, the action of the Appeals Council in this case fails to measure up.

An analysis of EAJA substantial justification in this circuit is guided by the Seventh Circuit Court's holding in *McDonald v. Schweiker,* 726 F.2d 311 (7th Cir.1983), which set forth the standard for determining whether an EAJA fee petition will be granted or denied. A substantially justified position is one that has a solid though not necessarily correct basis in fact and law. It is more than a nonfrivolous position. "The question under the Equal Access to Justice Act is not whether the government has fought tooth and nail but whether it was proceeding on the basis of a solid legal claim or defense ...." *McDonald* at 316. Neither is the purpose of the EAJA "to penalize the government for committing procedural defaults that help the private parties who are the Act's intended beneficiaries." *Id.*

This is not a case of penalizing the government for procedural defaults, nor a case wherein the government has merely fought tooth and nail for purposes intended by Congress or administrative regulations. It is a case which was properly decided by the ALJ and then improperly, unnecessarily, and unreasonably reversed by the Appeals Council.

Because it is found that the plaintiff has prevailed, that the position of the government was not substantially justified, and that no special circumstances exist which would render an award of fees unjust, the plaintiff is entitled to a reasonable award of fees and other expenses under the provisions of the Equal Access to Justice Act.

## IV.

The petitioner in this case has requested fees of $2,595.00 for 34.6 hours of services at the rate of $75 per hour, plus costs of $35.00. The petition is supported by an affidavit setting forth information on customary rates, detailing the costs claimed, and providing a time log.

A prevailing party entitled to an attorney fee award under the EAJA is entitled to telephone, postage, travel and photocopying as part of reasonable fees and other expenses. *Aston v. Secretary of Health and Human Services,* 808 F.2d 9 (2d Cir.1986). The petitioner claims to have copied some 300 pages of pleadings, agency records, and medical information. A cost of $35.00 is reasonable.

Having carefully reviewed the petitioner's time log and affidavit, the court finds 34.6 hours at $75.00 per hour, for a total of $2,595.00 to be reasonable. The court notes that the petitioner has claimed 2.5 hours for preparation and research of the fee petition. It has been held that attorney fees incurred in preparing a petition are reimbursable under the EAJA

where such services were rendered to bring the fee petition to the court's attention and were necessary whether or not the Government contested any fee award. *Lee v. Johnson,* 799 F.2d 31 (3d Cir.1986). Most recently, this circuit has approved reimbursement for the attorney time spent in preparing a fee petition in parallel provisions under 42 U.S.C. § 1988. *Kurowski v. Krajewski,* 848 F.2d 767, 776–77 (7th Cir. 1988).

The plaintiff is, therefore, awarded attorney fees in the amount of $2,595.00 and $35.00 in costs. IT IS SO ORDERED.